640 So.2d 199 (1994)
David MOORE, Petitioner,
v.
The Honorable Stanton S. KAPLAN, Circuit Judge of the Seventeenth Judicial Circuit Court, in and for Broward County, Florida, Respondent.
No. 94-0191.
District Court of Appeal of Florida, Fourth District.
August 3, 1994.
*200 David Moore, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward Giles, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
This matter is before us on a petition for writ of mandamus. In March, 1993, petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. That petition was denied because it was not properly sworn. This court affirmed the denial, but granted petitioner leave to file a properly sworn motion. Moore v. State, 621 So.2d 485 (Fla. 4th DCA 1993).
On June 23, 1993, petitioner filed a second motion for post-conviction relief. The clerk of the court processed the motion and directed it to respondent, The Honorable Stanton S. Kaplan. Having received no ruling on his 3.850 motion, petitioner filed a petition for writ of mandamus with this court on January 20, 1994. This court then ordered respondent to show cause as to why the petition for writ of mandamus should not be granted. Respondent in turn issued an order to the state attorney's office on February 22, 1994, requiring the state to respond to petitioner's motion for post-conviction relief. Apparently, the state attorney's office has been experiencing difficulty in obtaining a complete transcript from petitioner's trial.
In the months that followed the show cause order, this court has ordered several status reports. However, even though a year has passed since petitioner filed his second motion for post-conviction relief, an order disposing of the motion has not been forthcoming. Because a failure to act on the motion results in an inappropriate delay concerning petitioner's appellate rights, we are compelled to grant the petition for writ of mandamus. McBride v. State, 443 So.2d 416 (Fla. 4th DCA 1984); Benczo v. Korda 528 So.2d 555 (Fla. 4th DCA 1988).
Therefore, we direct the Honorable Stanton S. Kaplan or his successor, to enter a formal ruling upon petitioner's motion for post-conviction relief within thirty days of receipt of this order. We are confident that respondent will comply with the directions of this court without the necessity for issuance of the peremptory writ.
Petition for writ of mandamus is granted.
DELL, C.J. and GUNTHER and STEVENSON, JJ., concur.