PER CURIAM.
Petitioner seeks mandamus relief from this court based on his unrefuted allegations that the trial court has failed to rule on the merits of his motion for post-conviction relief following reversal of its original order denying the motion in Griner v. State, 685 So.2d 99 (Fla. 4th DCA 1997). The only argument raised by the state is that the trial court does not have jurisdiction because petitioner has a direct appeal pending from other charges which were severed from trial, but were charged in the same information as these charges. The other charges had to be retried because we reversed convictions on those charges, but affirmed convictions on the charges for which petitioner now seeks post-conviction relief.
The state cites no authority to support its argument that the trial court lacks jurisdiction to review his collateral challenge to these convictions and sentences which were previously affirmed on direct appeal. Petitioner therefore has a clear legal right to a ruling on his motion for post-conviction relief. Moore v. Kaplan, 640 So.2d 199 (Fla. 4th DCA 1994).
We therefore direct the trial judge to rule on the merits of petitioner’s motion for post-conviction relief within sixty days of receipt of this order. We are confident that the court will comply with the directions of this court "without the necessity for issuance of the preemptory writ.
GUNTHER, FARMER and KLEIN, JJ., concur.